FILED
United States Court of Appeals
Tenth Circuit

February 18, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENRED CIRCUIT

TENTH CIRCUIT

JERRY L. THOMAS,

Petitioner - Appellant,

v.

C. CHESTER, Warden,

Respondent - Appellee.

No. 13-6132
(D.C. No. 5:11-CV-01283-W)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Madyun Abdulhaseeb, an Oklahoma state prisoner, appeals from the dismissal of the habeas petition he filed pursuant to 28 U.S.C. § 2241.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

Abdulhaseeb's claims relate to an incident in which he refused to sign two documents presented to him at the James Crabtree Correction Center in the manner instructed by an employee of the Oklahoma Department of Corrections ("ODOC").[1] A prison disciplinary proceeding was held on May 15, 2006. Abdulhaseeb was found guilty of Disobedience to Orders, resulting in the loss of earned credits and his Level Four classification status. *See Wilson v. Jones*, 430 F.3d 1113, 1120 (10th Cir. 2005) (holding a misconduct conviction implicates a constitutionally protected liberty interest if the loss of earned credits inevitably affects the duration of the prisoner's sentence). After he appealed the misconduct and punishment, the charge was amended to Individual Disruptive Behavior. A second disciplinary hearing was conducted in July 2006 and the same punishment was imposed after a second finding of guilt.

Abdulhaseeb appealed his misconduct conviction and sentence, exhausting both his administrative and state court remedies. When he failed to obtain relief, he filed the instant § 2241 petition alleging, *inter alia,* (1) that his due process rights were violated because signing his legal name to the prison documents was not "some evidence" of a rule infraction and (2) the disciplinary proceedings were initiated in retaliation for the exercise of his First Amendment rights. On August

---

[1]Abdulhaseeb legally changed his name from Jerry Thomas in 1990. *See Abdulhaseeb v. Saffle*, 65 F. App'x 667, 671-72 (10th Cir. 2003) (unpublished disposition). At the time of his conviction, he was known as Jerry Thomas. The prison official instructed him to sign the documents first as Jerry Thomas and then, if he so chose, with his new name.

23, 2012, while final disposition of the § 2241 petition was pending, Abdulhaseeb's disciplinary action was reversed and expunged and his earned credits restored.[2]  As grounds, the Director's Designee, Mark Knutson, specifically stated that the ODOC policy underlying the charges against Abdulhaseeb "is a directive to DOC staff, not offenders.  Therefore, it does not direct specific conduct from an offender and is inappropriate as a charge for disobedience to an order."

Based on the expungement of Abdulhaseeb's misconduct conviction and the restoration of all his earned credits, the district court dismissed his § 2241 petition as moot.  Abdulhaseeb's motion for a certificate of appealability was granted by the district court.  In this appeal, he argues his habeas petition is not moot because the ODOC's practice of voluntarily vacating disciplinary convictions in an attempt to forestall the judicial resolution of constitutional questions is capable of repetition.[3]  *See United States v. Concentrated Phosphate*

_____

[2]At a third hearing, held on June 13, 2012 after a *sua sponte* review of the DOC proceedings led to the conclusion the original charge should not have been amended, Abdulhaseeb was again found guilty of the Disobedience to Orders misconduct charge.

[3]In Abdulhaseeb's counseled opening brief, he sets out only a portion of the procedural history of this matter, wholly neglecting to inform this court that the disciplinary conviction has been expunged.  The brief also implies that the actions of the ODOC have put Abdulhaseeb in a position where he must re-exhaust his administrative and state court remedies before he can again pursue federal habeas relief from the misconduct conviction and punishment.  Appellant Brief at 15 ("The DOC's actions, if allowed to stand, will take Mr. Abdulhaseeb back

(continued...)

*Exp. Ass'n*, 393 U.S. 199, 203 (1969). We disagree. This alleged practice is not the basis for Abdulhaseeb's request for habeas relief. Instead, he has challenged the ODOC's practice of requiring inmates to sign their names in a particular order. He has obtained relief on this claim, including the dismissal of the misconduct charge, the expungement of his conviction, and the restoration of all the earned credits he lost. Further, the DOC has issued a statement that the policy pursuant to which Abdulhaseeb was charged is not a basis upon which to charge an inmate with Disobedience to an Order. Thus, the DOC policy or practice which gave rise to his claims is not reasonably likely to recur. Abdulhaseeb's appeal is clearly moot.

For substantially the same reasons set out in the district court's Memorandum Decision and Order dated May 9, 2013, the judgment of the district court dismissing Abdulhaseeb's § 2241 petition as moot is **affirmed**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

---

[3](...continued)
through years of appeals through the DOC system and the state courts before he could return to federal court."). This is a specious assertion. Counsel is reminded of his duty to act with candor toward the court.